IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 3:03-CR-134-D(1) |
| | ) | (3:05-CV-0247-D) |
| KATHERINE WILLIS, #30739-177, | ) | |
|     Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at the Federal Medical Center (FMC) Carswell in Fort Worth, Texas. The court has not ordered the government to respond.

Statement of the Case: Movant was charged in a three-count indictment with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and bank fraud in violation of 18 U.S.C. § 1344. See United States v. Willis, 3:03-CR-134-D(01) (N.D. Tex., Dallas Div.). On September 26, 2003, Movant pled guilty to Count one pursuant to a plea agreement. On January 30, 2004, the District Court sentenced Movant to 57 months imprisonment, a three-year supervised release term, and restitution in the amount of $77,125.69. The remaining counts were dismissed on the

government's motion at sentencing. Movant did not appeal.

In the present § 2255 motion, filed on February 3, 2005, Movant raises the following grounds for relief: (1) the conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to Movant; (2) the three-point enhancement of her sentence as a leader and organizer was improper; (3) Movant was denied the effective assistance of counsel during the guilty plea proceeding and at sentencing; and (4) Movant was denied the right to appeal.

Findings and Conclusions:  Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . ."

Movant's plea agreement contains a waiver of post-conviction remedies. The agreement provides, in relevant part, that:

> [Movant] waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence.  She further waives her right to contest her conviction and sentence in a collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground, including claims of ineffective assistance of counsel.  [Movant], however, reserves the right (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court; or (iii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of her plea of guilty or this waiver.

(Plea Agreement ¶ 13).

A defendant can waive her right to appeal and to seek post-conviction relief as part of a

plea agreement.  See United States v. White, 307 F.3d 336, 340-41 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994)).  However, this waiver must be informed and voluntary. The trial court must ensure that the defendant fully understands these rights and the consequences of a waiver.  Wilkes, 20 F.3d at 653 (citing United States v. Baty, 980 F.2d 977, 979 (5th Cir.1992)).

    Movant makes no claim that her waiver was not knowingly made, or that she received ineffective assistance in connection with the validity of the waiver or the plea itself.  White, 307 F.3d at 343-44.  Therefore, she has waived her right to directly challenge the legality of her conviction and sentence.  Even if not barred by the waiver, Movant's ineffective assistance of counsel claim is wholly conclusory.  Movant is merely dissatisfied with the entire plea proceedings and the sentence that she received.  Accordingly, Movant's four grounds for relief are deemed waived.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily dismiss the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See Rule 4(b) of the Rules Governing § 2255 Cases.

A copy of this recommendation will be mailed to Movant Katherine Willis, #30739-177, FMC Carswell, P.O. Box 27137, Fort Worth, Texas 76127.

Signed this 15th day of June, 2005.

*Wm. F. Sanderson, Jr.*

---

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.