**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.                                                     ) | **3:03-CR-134-D(1)** |
| ) | **(3:05-CV-0247-D)** |
| **KATHERINE WILLIS, #30739-177,** ) | |
| Defendant/Movant.               ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b) and the District Court's order filed on June 30, 2005 re-referring this § 2255 motion to the magistrate judge for further proceedings, the magistrate judge files the following supplemental findings, conclusions and recommendation, as evidenced by his signature thereto:

FINDINGS AND CONCLUSIONS:

In the prior recommendation filed on June 16, 2005, the magistrate judge recommended that Ms. Willis's § 2255 motion be dismissed in light of her execution of a plea agreement filed on the date on which she pled guilty to Count One of the indictment filed in No. 3-03-CR-134-D(01) and in which she waived her right to file a motion pursuant to 28 U.S.C. § 2255.

In her letter dated June 20, 2005, Willis asserted various reasons why she entered a negotiated plea of guilty, calling into question the voluntariness of her guilty plea.

She stated in her letter that her trial attorney advised that she would be found guilty if she went to trial and that a plea of nolo contendere is not available in federal court. An attorney is required to provide a client with advice as to whether or not to plea guilty and there is no

unconditional right to enter a plea of nolo contendere in a federal court case. See Rule 11(a)(3), F. R. Crim. P.[1]

She contends that the attorney's advice as to the probable consequences in the event that she chose to plead not guilty and was thereafter found guilty and her concern for her children and their welfare induced her to plead guilty. She also claims not to have understood the consequences of her waivers set out in the plea agreement. However, at bottom, as reflected in her letter dated June 20, 2005, she claims that she should not have been determined to have been a manager/supervisor which resulted in points being added to the base offense level and seeks to be sentenced deleting any affirmative finding with respect to her status as a manager/supervisor.

The District Court's order of June 30, 2005, expressed concern with respect to the voluntariness of Movant's guilty plea. Critical to the analysis of this concern are Ms. Willis's statements at her arraignment on September 26, 2003. The transcript of that proceeding reflects that after having been placed under oath and in response to questioning by the District Court, Willis stated that she had read and understood the plea agreement which she had signed. See Arraignment Transcript at page 6-7. She denied that she had received any promises other than as recited in the plea agreement. Id. She further denied that she had been forced in any way to plead guilty and affirmed that her guilty plea was voluntarily entered of her own free will, because she was guilty. Id. at 8. She further confirmed that in signing the plea agreement she was waiving and giving up her rights to challenge her sentence, except under very limited circumstances. Id. at 14. Finally, she admitted under oath the accuracy of the statements contained in the factual resume in every respect.

---

[1] As a matter of policy the United States Department of Justice opposes the entry of a plea of nolo contendere. Although the decision as to whether such a plea will be permitted is one reserved to the court, federal courts rarely accept such pleas when opposed by the government.

Id. at 16. At the conclusion of her arraignment she replied in the negative when asked if there was anything in the proceedings which she did not understand. Id. at 18.

Ms. Willis's letter dated June 20, 2005, raises no issues which raise a colorable claim with respect to the voluntariness of her guilty plea. Moreover, she has not corroborated any statements contained in her letter with reference to any matters which occurred prior to the entry of her guilty plea.[2] By the same token, her belated claim that she did not understand the waiver of certain rights as part of the plea agreement is foreclosed.

Since Willis's plea of guilty was voluntarily and understandingly entered and she knowingly waived her rights, See e.g. United States v. White, 307 F.3d 336, 340-41 (5th Cir. 2002), she is barred from seeking relief in the present § 2255 motion. Moreover, errors in sentencing proceedings - i.e. her claim that she should not have been found to be a manager/supervisor cannot be raised for the first time in a post-conviction collateral attack. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1988) (citing United States v. Vaughn, 955 F.2d 367 (5th Cir. 1992).[3]

RECOMMENDATION:

For the foregoing reasons it is recommended that Willis's § 2255 motion be dismissed on

---

[2] See e.g. United States v. Fuller, 769 F.2d 1095, 1099 and n. 23 (5th Cir. 1985); United States v. Cervantes, 132 F.3d 1106, 1110-1111 (5th Cir. 1998).

[3] Movant's counsel objected to the manager/supervisor enhancement, which was overruled by the District Court. See Sentencing Transcript at pages 4-5.

the basis of her waiver, or in the alternative, that it be denied on the merits.

A copy of this recommendation will be mailed to Movant Katherine Willis, #30739-177, P.O. Box 2149, Bryan, Texas 77805.

Signed this 4th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.